### DICKINSON *v.* HOLDEN *et al.*

BECK, J.  A will contained the following items which were before the court for construction: "Item 3rd.  I give to my daughter, Catherine T. Thornton, five hundred acres of land, with all the improvements, including the house and lot on which I now live, . . to have and to hold the same for the maintenance, use, and benefit of said Catherine T. Thornton, during her life, and then to revert back to my grandchildren, John T. Dickinson, W. Q. Dickinson, and the heirs of Richard A. Dickinson, deceased.  Said property not to be subject to the debts or liabilities of said Catherine T. Thornton in any manner whatsoever.  Item 7th.  Should either of my grandchildren, John T. Dickinson or W. Q., or my great grandchildren, A. Q. and Z. B. Dickinson, die without heirs, then the property above given, thus left, shall be given to the estate of the survivors."  The devise contained in the items of the will above set forth gave to W. Q. Dickinson, who survived the testator and the life-tenant, a remainder interest in the property, which became indefeasibly vested upon the death of the testator, whether item 3 of the will be construed alone or in connection with item 7.  The court below properly so held, and in doing so determined, adversely to the plaintiff in error, the only issue in the case.  Civil Code, § 3104; *Sumpter* v. *Carter*, 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Holcombe* v. *Tuffts*, 7 *Ga.* 538.

*Judgment affirmed.  All the Justices concur, except Holden, J., disqualified.*

JULY 14, 1910.

Complaint for land.  Before Judge Meadow.  Taliaferro superior court.  April 21, 1909.

*W. O. Mitchell* and *Anderson, Felder, Rountree & Wilson,* for plaintiff.  *John C. Hart, Samuel H. Sibley,* and *Hawes Cloud,* for defendants.